## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LASHON OWENSBY,

               Petitioner,           :     Case No. 3:16-cv-282

    - vs -                             District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

TIMOTHY BRADLEY, Warden,
 Pickaway Correctional Institution,

                            :

             Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for a writ of habeas corpus by Lashon Owensby, an Ohio state prisoner serving a term of confinement of seven years for several drug-related convictions. Mr. Owensby pleads the following grounds for relief:

> **Ground One:** The trial court erred when it overruled Owensby's motion to suppress evidence.
>
> **Supporting Facts:** Owensby challenges the searches of four separate locations, raising separate issues as to each: 1709 West Grand Avenue, Storage Unit D411 at Wagner Ford Self Storage, 4004 Larkspuir Avenue, and 60 East Maplewood Avenue, all in Dayton, Ohio.
>
> **Ground Two:** The trial court erred when sentencing Owensby.
>
> **Supporting Facts:** The imposed seven (7) year sentence was not supported by the record or contrary to law. The trial court could have sentenced the petitioner to two (2) years incarceration. For the principles in the Ohio sentencing scheme & purpose in sentencing would have bene met if the two (2) [year] prison sentence would have been imposed.

(Petition, ECF No. 1, PageID 7-8, 10.)

Mr. Owensby was indicted by the Montgomery County grand jury in that court's Case No. 2013-CR-3516. He pled no contest on May 2, 2014, after losing on his motion to suppress evidence. He was sentenced on May 27, 2014, to the prison term he is now serving. Having preserved his suppression issues, he appealed to the Second District Court of Appeals which affirmed. *State v. Owensby*, 2015-Ohio-3054, 2015 Ohio App. LEXIS 2953 (2nd Dist. Jul. 31, 2013). The Ohio Supreme Court denied Owensby leave to file a delayed appeal. *State v. Owensby*, 144 Ohio St. 3d 1425 (2015). Mr. Owensby filed the instant habeas corpus petition within the time allowed by the statute of limitations.

# ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The case is before the Court for the initial review under Rule 4.

**Ground One:  Failure to Suppress Evidence**

In his First Ground for Relief, Mr. Owensby claims he was deprive of his right under the Fourth Amendment to be secure from unreasonable searches when the Ohio courts denied his motion to suppress.

Owensby concedes this claim was never presented on the merits to the Ohio Supreme Court.  Ordinarily, failure to do so constitutes a procedural default preventing a federal habeas court from reaching the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  In this case Mr. Owensby asserts his appellate lawyer failed to advise him in time to meet the 45-day time limit for filing in the Ohio Supreme Court.  If that is in fact what happened, it would constitute ineffective assistance of appellate counsel which would excuse the procedural default of not filing in time.  However, the Court need not decide that factual question – when Mr. Owensby learned of the court of appeals decision – because the merits of the case can be decided on the record already made.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.  *Stone v. Powell,* 428 U.S. 465 (1976).  *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.   The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits.  *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).  The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and

3

> Ohio R. App. P. 5(A). These rules provide an adequate procedural
> mechanism for the litigation of Fourth Amendment claims because
> the state affords a litigant an opportunity to raise his claims in a
> fact-finding hearing and on direct appeal of an unfavorable
> decision.

*Id*. at 526.

The opinion of the Second District notes that Owensby filed a motion to suppress in the

Common Pleas court attacking the probable cause basis for the search warrants that were issued

in this case.  *State v. Owensby, supra*, ¶ 4.  Evidence taken at the hearing included testimony by

Dayton Police Detective Gregory Orick, at that time a fifteen year veteran of the Dayton Police

Force with sixteen prior years as a military policeman.  *Id.*  at ¶ 5.  Orick relied in part on

information from a confidential informant with whom he had worked before and who had proven

reliable.  *Id.*  at ¶ 6.  The informant's information was corroborated by Orick's personal

surveillance of the 1709 West Grand location. *Id.*  at ¶¶ 9-10.  He also conducted a trash pull at

that address which provided incriminating evidence. *Id.*  at ¶11.  The evidence seized at that

address (drugs and cash) was used to support issuance of additional warrants.  Evidence found on

those warrants in turn supported additional searches.

Thus it is apparent from the court of appeals' decision that Owensby received fair

consideration of his Fourth Amendment claims at both the trial and appellate levels.  Nothing in

the appellate opinion suggests to this Court that Owensby did not receive a fair hearing on his

Fourth Amendment claims.  Therefore consideration of the merits of Ground One is barred by

*Stone v. Powell*.

4

**Ground Two:  Excessive Sentence**

In his Second Ground for Relief, Mr. Owensby claims his sentence is excessive under Ohio law and a two-year sentence, which was within the discretion of the Common Pleas judge, would have been adequate.

Federal habeas courts do not sit as court of appeals from state court decisions.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Owensby raised this claim on direct appeal and the Second District decided it as follows:

> **[\*P41]**  Under this assignment of error, Owensby contends that the trial court erred in sentencing him to a seven-year term of imprisonment when a two-year aggregate prison term would have met the principles and purposes of sentencing in Ohio.

> **[\*P42]**  "The standard of review in R.C. 2953.08(G)(2) applies to felony sentences." *State v. Graham*, 2d Dist. Montgomery Nos. 26205, 26206, 2015-Ohio-896, ¶ 20, citing *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 29 (2d Dist.). "Under this standard, an appellate court may vacate a sentence if the sentence is contrary to law. R.C. 2953.08(G)(2)(b). '[A] sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12.'" *Id.*, quoting *Rodeffer* at ¶ 32, which cites *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

5

[*P43]  In the case before us, the trial court imposed a sentence within the statutory range, after stating that it had considered the purposes and principles of sentencing, as well as the seriousness and recidivism factors that are in R.C. 2929.12. Accordingly, the sentence was not contrary to law.

[*P44]  Based on the preceding discussion, the Second Assignment of Error is overruled.

*State v. Owensby, supra.*

Thus the court of appeals decision establishes that the seven-year sentence is within the range permitted by Ohio law.  This Court cannot re-examine the correctness of that decision.  Nor has Owensby established that a seven-year sentence in this case constitutes cruel and unusual punishment in violation of the Eighth Amendment.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 30, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).