## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LASHON OWENSBY,

        Petitioner,        :    Case No. 3:16-cv-282

  - vs -                  District Judge Thomas M. Rose
                             Magistrate Judge Michael R. Merz

TIMOTHY BRADLEY, Warden,
 Pickaway Correctional Institution,

                        :

        Respondent.

## REPORT AND RECOMMENDATIONS ON POST-JUDGMENT OBJECTIONS, CONSTRUED AS A MOTION TO AMEND

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 6) to the Magistrate Judge's recommendation that the case be dismissed with prejudice (Report, ECF No. 2). Owensby's objections were originally due to be filed by July 18, 2016. He moved for and was granted an extension of time until August 23, 2016 (Motion and Notation Order, ECF No. 3). However, he did not deposit the Objections in the mail until August 23, 2016. That counts as the date of filing under the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988), but it was a day late. By the time Owensby's Objections actually reached the Court on August 31, 2016, Judge Rose had already entered judgment dismissing the Petition (ECF Nos. 4, 5).

In order to consider the merits of Owensby's arguments, the Court will treat his late-filed Objections as a motion to amend the judgment under Fed. R. Civ. P. 59(e).

Owensby pleads two grounds for relief:

1

**Ground One:** The trial court erred when it overruled Owensby's motion to suppress evidence.

**Supporting Facts:** Owensby challenges the searches of four separate locations, raising separate issues as to each: 1709 West Grand Avenue, Storage Unit D411 at Wagner Ford Self Storage, 4004 Larkspuir Avenue, and 60 East Maplewood Avenue, all in Dayton, Ohio.

**Ground Two:** The trial court erred when sentencing Owensby.

**Supporting Facts:** The imposed seven (7) year sentence was not supported by the record or contrary to law. The trial court could have sentenced the petitioner to two (2) years incarceration. For the principles in the Ohio sentencing scheme & purpose in sentencing would have bene met if the two (2) [year] prison sentence would have been imposed.

(Petition, ECF No. 1, PageID 7-8, 10.)

**Ground One:  Failure to Suppress Unconstitutionally Seized Evidence**

The Report recommended dismissing the First Ground for Relief under  *Stone v. Powell*, 428 U.S. 465 (1976).  Owensby objects that *Stone v. Powell* was not raised by the State of Ohio in defense and is thus waived (Objections, ECF No. 6, PageID 32).  But the State of Ohio never had a chance to raise the defense because the Report recommended dismissal on initial review under Rule 4 of the Rules Governing § 2254 Cases and never ordered the State to answer under Rule 5.

Owensby says he never got a full and fair opportunity to litigate his Fourth Amendment claim because his trial attorney provided ineffective assistance at the suppression hearing. *Id.* The right to the effective assistance of counsel at trial also applies at a pre-trial suppression

2

hearing, but it is a claim under the Sixth Amendment, not the Fourth.  So far as Owensby's Petition shows, he has never raised an ineffective assistance of trial counsel claim relating to the motion to suppress in the Ohio courts at all.  On direct appeal, he claimed as error the failure of the trial court to suppress evidence related to various addresses.  If there was other evidence not in the record on appeal which would have shown trial counsel was ineffective, the way to have presented that would have been in a petition for post-conviction relief under Ohio Revised Code § 2953.21, but the Petition shows Owensby never filed such a petition and it is now far too late to do so.  Owensby has procedurally defaulted his claim of ineffective assistance of trial counsel. And while ineffective assistance of trial counsel might allow for relief standing alone, it does not speak to whether Ohio's procedure for Fourth Amendment claims is full and fair.  In other words, if Owensby's opportunity to litigate his Fourth Amendment claims was frustrated by ineffective assistance of trial counsel, he was required to bring that Sixth Amendment claim to the Ohio courts.

Owensby attaches to his Objections a number of exhibits which allegedly support his Fourth Amendment claim, but these exhibits have never bene presented to the Ohio courts – indeed, that is Owensby's ineffective assistance of trial counsel claim.  This Court cannot consider new evidence not presented to the state courts under 28 U.S.C. § 2254(d)(2).  *Cullen v. Pinholster*, 563 U.S. 170 (2011).

**Ground Two: Imposition of Excessive Sentence**

The Report recommended dismissing Ground Two because it presents only a question of Ohio law which was resolved against Owensby by the Second District Court of Appeals. Owensby objects that the state court decisions violated United States Supreme Court precedent, particularly *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005)(Objections, ECF No. 6, PageID 35).

"[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *quoting Jones v. United States*, 526 U.S. 227 (1999). In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court held that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. *Blakely* rendered the Ohio sentencing scheme unconstitutional but the Ohio Supreme Court cured that unconstitutionality in *State v. Foster*, 109 Ohio St. 3d 1 (2006).

Owensby's argument goes well beyond *Blakely* and posits that the jury should have made the findings necessary to sentence him beyond the minimum under Ohio Revised Code § 2929.12 (Objections, ECF No. 6, PageID 36). But the United States Supreme Court has never held that jury sentencing or jury findings on facts necessary to sentence within a statutory range but above the minimum must be found by a jury.

4

Because Owensby's Second Ground does not state a claim cognizable in habeas corpus – i.e. a constitutional claim – it should also be dismissed.

**Conclusion**

Owensby has not shown the Order Adopting Report and Recommendations in this case (ECF No. 4) contains any mistake of law.  Therefore his Objections, construed as a motion to amend the judgment, should be DENIED.

September 1, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).