# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LASHON OWENSBY,

        Petitioner,      :      Case No. 3:16-cv-282

  - vs -                              District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

TIMOTHY BRADLEY, Warden,
 Pickaway Correctional Institution,

                                 :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (6)(ECF No. 15).

Owensby filed his Petition for Writ of Habeas Corpus June 29, 2016, pleading the following grounds for relief:

> **Ground One:** The trial court erred when it overruled Owensby's motion to suppress evidence.
>
> **Supporting Facts:** Owensby challenges the searches of four separate locations, raising separate issues as to each: 1709 West Grand Avenue, Storage Unit D411 at Wagner Ford Self Storage, 4004 Larkspuir Avenue, and 60 East Maplewood Avenue, all in Dayton, Ohio.
>
> **Ground Two:** The trial court erred when sentencing Owensby.
>
> **Supporting Facts:** The imposed seven (7) year sentence was not supported by the record or contrary to law. The trial court could have sentenced the petitioner to two (2) years incarceration. For the principles in the Ohio sentencing scheme & purpose in

1

> sentencing would have bene met if the two (2) [year] prison
> sentence would have been imposed.

(Quoted at Report and Recommendations ("Report"), ECF No. 2, PageID 21.)  The Report recommended dismissal with prejudice and was adopted by District Judge Rose August 30, 2016 (ECF No. 4, 5).  Owensby appealed to the Sixth Circuit and that appeal remains pending under Sixth Circuit Case No. 16-4056.

Owensby's instant Motion seeks to have the final judgment amended to provide a dismissal without prejudice

> in order to enable him to exhaust his ineffective assistance of counsel claims in State court via post-conviction relief [Ohio Revised Code § 2953.21] as required by Title 28 U.S.C. § 2254(b)(1)(A), and in accordance with the procedures set forth in *Rhines v. Weber*, 544 U.S. 269 (20015); citing *Rose v. Lundy*, 455 U.S. 509 (1982).

(Motion, ECF No. 15, PageID 106).

Having stated this purpose, Owensby then devotes six pages to explaining his motion to suppress position as litigated in the Montgomery County Common Pleas Court.  He was unsuccessful both there and in the Second District Court of Appeals.

Owensby then asserts neither his trial attorney nor his appellate attorney advised him of the one-year deadline for filing a petition for post-conviction relief under Ohio Revised Code § 2953.21, causing him to file his federal habeas corpus petition prematurely without exhausting state court remedies (Motion, ECF No. 15, PageID 113).  He asserts he has a large amount of evidence outside the trial record to prove that defense counsel's performance during the suppression hearing was deficient. *Id.* .

The Report was filed and served June 30, 2016. In it Owensby was notified that any objections were due to be filed within seventeen days or by July 18, 2016 (Report, ECF No. 2, PageID 27). He obtained an extension of time until August 22, 2016 ((ECF No. 3). He then filed Objections which he claims he deposited in the mail on August 16, 2016 (ECF No. 6, PageID 37) but which were not received by the Clerk until August 31, 2016, one day after Judge Rose adopted the Report.

Because the Objections purported to have been filed on time, the Court treated them as a motion to amend the judgment under Fed. R. Civ. P. 59(e)(Report on Motion to Amend, ECF No. 7, PageID 60). The original Report had recommended dismissal of Owensby's Fourth Amendment motion to suppress claim (Ground One) under *Stone v. Powell,* 428 U.S. 465 (1976). Owensby objected that he had never had a full and fair opportunity to litigate his motion to suppress because he had suffered ineffective assistance of trial counsel in litigating it. The Report on Motion to Amend notes that Owensby had never raised an ineffective assistance of trial counsel claim in the Ohio courts at all and concluded he had procedurally defaulted that claim (ECF No. 7, PageID 62). The Report on Motion to Amend was also adopted by Judge Rose (ECF No. 11).

Owensby's instant Motion claims he has "the right to defend against this Court's procedural default under the dictates of *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), citing *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013)(ECF No. 15, PageID 113).

## Analysis

Although Owensby states he wants the judgment amended to be without prejudice, he then states the relief he wants is a reopening and a stay pending exhaustion under *Rhines v. Weber, supra.* A dismissal without prejudice would leave Owensby as if he had never filed his Petition and he would then be barred by the statute of limitations from re-filing.

The instant Motion is a proper Rule 60(b) motion because it does not seek relief on a new claim, but rather attacks this Court's prior judgment. It can therefore be considered in this Court without transferring it to the Court of Appeals as a second or successive habeas petition. See *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

However, Owensby's pending appeal from the judgment limits this Court's authority. The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Fed. R. Civ. P. 60(a) or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals. 9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46. Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v.*

*Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). The general rule used to mean that a district court had no jurisdiction to consider a motion for relief from judgment after a timely notice of appeal. However, effective December 1, 2009, the Rules of Civil Procedure were amended to add Fed. R. Civ. P. 62.1 which provides:

> **Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Under Fed. R. Civ. P. 62.1(a)(1), it is respectfully recommended that this Court defer considering Owensby's Rule 60(b) motion until his appeal is decided.

Owensby asserts that his trial and appellate attorneys' failure to notify him of deadline under Ohio Revised Code § 2953.21 excuses his procedural default in failing to timely file an application for post-conviction relief. Notifying a client of the filing of the trial transcript and of the deadline for filing under Ohio Revised Code § 2953.21 is a duty of appellate counsel; failure to fulfill that duty is cause excusing failure to timely file the post-conviction petition. *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014). If Owensby can prove his appellate[1] attorney failed to thus notify him, he could show excusing cause for failure to file a petition for post-conviction relief. However, this claim of ineffective assistance of appellate counsel has never been presented to the Ohio courts. Before a claim of ineffective assistance of appellate counsel can be considered as

---

[1] *Gunner* does not find any such duty incumbent on a trial attorney who, at the time the trial transcript is filed in the Court of Appeals, no longer has control of the case unless he or she is also the appellate attorney.

5

possible excusing cause for a procedural default, it must be submitted to the state courts for consideration. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Owensby has an available avenue to present that claim to the Ohio courts by way of a delayed motion to reopen his direct appeal under Ohio R. App. P. 26(B).

The pendency of the federal appeal does not preclude filing such an application. If the Court of Appeals finds a *Gunner* violation, its findings would provide a firmer basis for any effort by Owensby to come within the provisions of Ohio Revised Code § 2953.23 for filing a delayed post-conviction petition.

It is therefore respectfully recommended this Court defer considering the instant Motion pending decision of the pending federal appeal.

December 17, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See*

*United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).