# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LASHON OWENSBY,

        Petitioner,    :    Case No. 3:16-cv-282

  - vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

TIMOTHY BRADLEY, Warden,
 Pickaway Correctional Institution,

                :

        Respondent.

## ORDER VACATING STAY; REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment filed December 15, 2016 (ECF No. 15). At the time it was filed, Petitioner had an appeal pending before the Sixth Circuit on this Court's Judgment dismissing the Petition (ECF No. 8). The Magistrate Judge recommended postponing consideration of the motion until the appeal was decided, as permitted by Fed. R. Civ. P. 62.1 (Report, ECF No. 16). Neither party objected and the recommendation was adopted (ECF No. 17). The case is now before the Court *sua sponte* to consider whether the stay should be further extended.

**Procedural History**

The Sixth Circuit denied Owensby a certificate of appealability on his appeal from the judgment. *Owensby v. Warden,* Case No. 16-4056 (6th Cir. May 3, 2017)(unreported; copy at ECF

1

No. 18). In the Report recommending delay, the Magistrate Judge had found

> Owensby could file a delayed application to reopen his direct appeal to have the Ohio court of appeals decide his claim of ineffective assistance of appellate counsel for asserted failure to notify him of the deadline for filing a petition for post-conviction relief under Ohio Revised Code § 2953.21. See *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014).

(ECF No. 19, PageID 130-31.) After Owensby's appeal to the Sixth Circuit was concluded, this Court order him to file proof by June 1, 2017, that he had filed the delayed 26(B) application, concluding "[i]f Petitioner has not filed such an application, the Magistrate Judge will recommended [sic] that Owensby's Motion for Relief from Judgment be denied." *Id.* at PageID 131.

Owensby had not filed a delayed 26(B) application. Instead he filed in the Montgomery County Court of Common Pleas a Delayed Petition for Post-Conviction Relief under Ohio Revised Code § 2953.23. Although his theory is that his appellate attorney provided ineffective assistance of appellate counsel when he failed to advise Owensby of the deadline for filing a petition for post-conviction relief under Ohio Revised Code § 2953.21, he characterizes his claim as an "independent due process claim of lack of notice by his State appellate counsel . . .in accordance with *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014)." (ECF No. 20, PageID 132.) He disagreed with this Court's opinion that his *Gunner* claim could be raised in a delayed 26(B), so he "raised his independent due process *Gunner* and other constitutional claims" in the delayed post-conviction petition. *Id.* at PageID 133. He asserts rather that his *Gunner* claim is a post-conviction claim, relying on *State v. Guy*, 2016-Ohio-619, 2016 Ohio App. LEXIS 538 (6th Dist. Feb. 19, 2016), and *State v. Taylor*, 2015-Ohio-1314, 2015 Ohio App. LEXIS 1271 (8th Dist. Apr. 2, 2015). *Id.* at PageID 134-35. Owensby claimed he was the first person to assert the position that a *Gunner* claim was properly brought in a delayed post-conviction petition. *Id.* at PageID 135. He requested

2

that this Court extend the stay until the Ohio courts had decided his case. *Id.* at PageID 136.

By the time of this filing in June 2017, Judge Mary Katherine Huffman had dismissed Owensby's post-conviction petition as untimely (Decision, Order and Entry, copy at ECF No. 20-2). She noted that Owensby attempted to excuse his late filing by claiming his appellate attorney provided ineffective assistance when he failed to notify Owensby of the deadline. Judge Huffman concluded

> A claim of ineffective assistance of appellate counsel is not cognizable in post-conviction proceedings. Rather, the proper procedure to raise issues relating to appellate counsel is to file an application to reopen the appeal under App.R. 26(B). *State v. Clark*, 2016-Ohio-2705. If the court could consider whether his appellate counsel was ineffective for failing to notify him of the time limitation on the filing of any post-conviction claims, Owensby has failed to offer evidence that his appellate counsel was ineffective. Furthermore, Owensby had no right to counsel, nor has he identified any right to advice from his appellate counsel, related to any post-conviction proceedings.

*Id.* at PageID 160.

In response to Owensby's request for an extension of the stay, the Magistrate Judge wrote

> This Court is in doubt whether a further stay is warranted under *Rhines* [*v.* Weber, 544 U.S. 269 (2005)] strictly read. On the other hand, there is no prejudice to the State and the issue is or shortly will be ripe for decision by the Second District Court of Appeals.
>
> Accordingly, further proceedings on the Motion for Relief from Judgment are STAYED pending exhaustion of Petitioner's presently pending appeal to the Second District Court of Appeals and any further appeal to the Ohio Supreme Court. The parties are ORDERED to keep this Court currently advised of any decision from those two courts.

(ECF No. 21, PageID 163-64.

# Analysis

A review of the docket of the Second District Court of Appeals shows that the Magistrate Judge's expectation that Owensby's appeal from Judge Huffman's Order would "shortly" be ripe for decision was misplaced. Although Owensby filed an initial brief on July 14, 2017, he never filed a reply brief within the time allowed by the Second District (March 5, 2018). The appeal is apparently now ripe in the absence of a reply brief, but there is no indication when the Second District will reach the appeal for decision, and Ohio law allows Owensby additional time after an adverse decision to attempt to obtain review by the Ohio Supreme Court. Postponing decision of Owensby's Motion for Relief from Judgment pending an Ohio Supreme Court decision would mean that motion would not be ripe until about twenty months after it was filed. The Magistrate Judge believes such additional delay is unwarranted under *Rhines v. Weber*, 544 U.S. 269 (2005), the case that authorizes stays of habeas corpus pending exhaustion.

A motion for relief from judgment in a habeas corpus case does not count as a second or successive habeas petition under AEDPA if it merely attacks a defect in the federal court proceedings' integrity. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits. Owensby's motion is not a second or successive habeas application because he does not seek to add a new claim or seek to reargue a claim already ruled on.

Owensby makes his motion under either Fed. R. Civ. P. 60(b)(1) for mistake in the judgment or 60(b)(6) for "any other reason that justifies relief." (ECF No. 15, PageID 116.) Relief is warranted under subsection (b)(6) only in exceptional or extraordinary circumstances not

addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Furthermore, this provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc)(vacated on other grounds, 545 U.S. 1151 (2005), *citing Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863, and n.11 (1988). The Magistrate Judge will therefore analyze Owensby's Motion as made under Fed. R. Civ. P. 60(b)(1) for mistake.

The only change Petitioner seeks in the final judgment is that it be changed from a dismissal with prejudice to a dismissal without prejudice (ECF No. 15, PageID 117). But the dismissal with prejudice was not a mistake. The two Grounds for Relief raised in the Petition were trial court error in denying a motion to suppress and trial court error in sentencing (Report, ECF No. 2, PageID 21). The Petition was dismissed with prejudice (i.e. on the merits) because, as to Ground One, Fourth Amendment claims such as the one made here are not cognizable in federal habeas corpus under *Stone v. Powell,* 428 U.S. 465 (1976). Ground Two is also not cognizable because it raised only a claim of state law which cannot be considered under 28 U.S.C. § 2254(a).

Owensby's ground for changing the judgment to being one without prejudice is "in order to enable him to exhaust his ineffective assistance of counsel claims in State court. . . ." (ECF No. 15, PageID 106). But he has never pleaded an ineffective assistance of trial counsel or ineffective assistance of appellate counsel claim in this Court and so the final judgment did not dismiss any such claim.

Although he does not mention *res judicata,* Owensby may believe that the dismissal with

5

prejudice would bar him from later litigating his ineffective assistance of trial counsel or ineffective assistance of appellate counsel claims in this Court because it would have *res judicata* effect. But the doctrine of *res judicata* does not apply to applications for habeas corpus. *Smith v. Yeager*, 393 U.S. 122 (1968); *Sanders v. United States,* 373 U.S. 1 (1963). In other civil litigation, failure to raise a claim in the first case to proceed to judgment in which it could have been raised means the litigant is barred by *res judicata* from litigating that claim in a later case. But the doctrine is not applicable here.

This Court was not in error in denying on the merits the Petition as it was pleaded. In fact, the Court of Appeals has agreed with this Court's assessment that the judgment would not be debatable among jurists of reason.

In sum, it was not error to dismiss the two claims in the Petition on the merits because they were without merit. The judgment reflects only that decision and does not raise a *res judicata* bar to later litigation of Owensby's ineffective assistance of counsel claims. While Owensby may face a second-or-successive hurdle under AEDPA, it was not error to dismiss the Petition on the merits.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Petitioner's Motion for Relief from Judgment should be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not

6

be permitted to proceed *in forma pauperis*.

May 29, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).